IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00084-WDM-PAC

GERALDINE A. MUNIZ and
STEVEN L. MUNIZ,

      Plaintiffs,

v.

KMART CORPORATION,

      Defendant.

---

**RECOMMENDATION ON PLAINTIFF'S FIRST
MOTION TO AMEND COMPLAINT (DOC. # 22)**

---

Patricia A. Coan, United States Magistrate Judge

      This is a slip-and-fall premises liability action which was removed to this court on January 18, 2006.  Plaintiffs seek damages for personal injuries sustained from an August 26, 2004, fall by Geraldine Muniz into a pothole when she walked across the parking lot which defendant Kmart maintains outside one of its Denver stores. Complaint at 2.  On January 26, 2006, this matter was referred to me for pretrial case management purposes [doc. # 9].  Now pending before me is plaintiffs' First Motion to Amend Complaint, filed September 6, 2006 [doc. # 22].  Defendant filed its response on September 25, 2006 [doc. # 24], to which plaintiffs replied on October 5, 2006 [doc. # 25].   The motion is fully briefed and oral argument would not be of material assistance.

I. Background

Plaintiffs state that on August 26, 2004 at approximately 11:10 p.m. at a Kmart parking lot, plaintiff Geraldine Muniz exited the bus which returned her to Denver from an excursion to Blackhawk.  Plaintiffs' complaint alleges that Kmart was negligent in maintaining the condition of the unlit Kmart parking lot, where she fell into a pothole while walking to her car.  Complaint at 2.  Plaintiffs seek economic and noneconomic damages for her injuries.  Plaintiff Steven Muniz alleges a loss of consortium claim.  Complaint at 3-4.  Defendant Kmart filed its answer on January 25, 2006 [doc. # 6].  A scheduling conference was held and a scheduling order was entered on March 10, 2006 [doc. # 14].  In their motion to amend, plaintiffs seek to add a claim for exemplary damages based on information from discovery and the August 15, 2006 deposition of Richard Moore, Regional Facilities Manager of Kmart, which plaintiffs contend support the second claim for relief for exemplary damages in their proposed amended complaint.

II. Standard of Review

Where, as here, a motion to amend the pleadings is filed after the scheduling order deadline for such amendment, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the plaintiffs satisfy Rule 16(b)'s good cause standard, the motion must then pass the requirements for amendment under Rule

15(a).  Rule 16(b)'s good cause standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  See *Micale v. Bank One N.A.*, No. 04-cv-00288-EWN-CBS, 2006 WL 1222330 at * 3 (D.Colo. May 5, 2006).

### III. Analysis

A. Rule 16(b)

Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension.  Fed.R.Civ.P. 16(b).  Plaintiffs do not allege good cause exists under 16(b), but because the good cause analysis is the prerequisite to consideration of whether the motion is proper under Rule 15, I consider the circumstances of the plaintiffs' motion.[1]  Plaintiffs' motion states that grounds to add a claim for exemplary damages exist, based on information gained from the August 15, 2006 deposition of Richard Moore, Regional Facilities Manager of Kmart, along with other discovery materials received by plaintiffs.  This information, plaintiffs contend, demonstrates that Kmart knew the condition of disrepair in their parking lot, such that

---

[1]In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993), *Duncan v. Manager, Department of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

"the actions and omissions of defendant Kmart were purposefully committed by Kmart, which must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly plaintiff Geraldine Muniz." Proposed Amended Complaint, ¶ 41 at 7.

The statute under which plaintiffs seek exemplary damages, Colo. Rev. Stat. (C.R.S.) § 13-21-102, allows for amendment of a complaint to include an exemplary damages claim "only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue."  C. R. S. § 13-21-102(1.5)(a)(2005). For purposes of the required good cause showing which plaintiffs must make as a prerequisite for consideration of their motion to amend, I construe plaintiffs' motion to assert that good cause exists because the August 15, 2006 deposition of Richard Moore, was more than ninety days after the May 1, 2006 deadline for amendment of pleadings, and also due to the necessity of seeking amendment pursuant to the state statute under which such damages are sought.   Therefore I find that plaintiffs were diligent in their efforts and good cause has been shown which is sufficient to meet the requirements of Rule 16(b).  I now turn to consideration of the plaintiffs' Motion to Amend under Rule 15.

    B. Rule 15

Rule 15 states that leave to amend "shall be freely given when justice so requires."  FED.R.CIV.P. 15(a).  The general rule is to refuse leave to amend only on "a

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Kmart opposes the amendment on the grounds of futility. A court has discretion to deny a motion to amend if it believes amendment would be futile. *Jefferson County Sch. Dist. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

      C.R.S. § 13-21-102(1)(a), which permits an award of exemplary damages, provides in part:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

Exemplary damages are justified when the act causing the plaintiff's injuries was performed "with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive." *Tri-Aspen Constr. Co. v. Johnson*, 714 P.2d 484, 486 (Colo.1986)(quoting *Frick v. Abell*, 602 P.2d 852, 854 (Colo. 1979)). "Wanton and reckless" conduct is defined as "conduct that creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences." *Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo.1984). The party requesting exemplary damages must prove the statutory standards beyond a reasonable doubt. *Western Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 578 (Colo. App. 2006). However, the

sufficiency of the evidence to justify an award of exemplary damages is a matter of law. *Eads v. Dearing*, 874 P.2d 474, 479 (Colo.App.1993).

Defendant argues that plaintiffs' proposed amendment should be denied as futile because plaintiffs' claim for exemplary damages could not withstand summary judgment.  I agree.  A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997), *cert. denied*, 524 U.S. 958 (1998).  Here, I test the sufficiency of plaintiffs' allegations that Kmart acted with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive.

I find that plaintiffs' attempt to characterize the delay in repairs to the pavement its parking lot (as evidenced by documents supplied by and testimony from Richard Moore)[2], coupled with the alleged fact that lights in the parking lot were shut off at 11:00 p.m. on August 26, 2004 (contrary to terms of a contract between Kmart and the bus company which transported Ms. Muniz to the Kmart parking lot)[3] are insufficient as a matter of law to establish evidence of willful and wanton or evil conduct by which plaintiffs could withstand a motion for summary judgment.  There is no evidence presented by plaintiffs that can be characterized as conduct that creates a substantial

---

[2] Plaintiffs attached some of these documents to their Motion to Amend, see exhibits 1-5.

[3] See plaintiffs' Motion to Amend at 3, where an excerpt of an unidentified contract is quoted.

6

risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences.  A "knew or should have known" standard of conduct is not a sufficient ground on which to base exemplary damages.  *Miller v. Solaglas California, Inc.*, 870 P.2d 559, 568 (Colo. App. 1993), *cert. denied* (1994).

In its opposition to the plaintiffs' Motion to Amend, Kmart points to deposition testimony of its employees which tends to show that there were no previous falls or complaints related to alleged potholes in the parking lot.  Defendant's Response to plaintiffs' Motion to Amend, exhibit D,  Steven Selk deposition transcript, at 54-56; exhibit E, Kamal Ellid deposition at 7-8; and exhibit F, deposition of Kathi Porter at 30-32.  I find that the evidence offered by plaintiffs to support their second claim for exemplary damages in their proposed amended complaint is insufficient as a matter of law to justify a claim for or an award of exemplary damages.  I therefore conclude that plaintiff's Motion to Amend complaint to add a claim for exemplary damages should be denied on the ground of futility.

## IV. Recommendation

For the reasons set forth above, it is

**RECOMMENDED** that Plaintiff's First Motion to Amend Complaint, filed September 6, 2006  [doc. # 22]  **be denied.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States**

**District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated October 13, 2006.

BY THE COURT:

s/ Michael J. Watanabe *for*
PATRICIA A. COAN
United States Magistrate Judge