IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00084-WDM-PAC

GERALDINE A. MUNIZ, and
STEVEN L. MUNIZ,

      Plaintiffs,

v.

KMART CORPORATION,

      Defendant.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE AND PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Miller, J.

      This matter is before me for the resolution of two issues: (1) the

recommendation of Magistrate Patricia A. Coan, issued October 13, 2007, that

Plaintiffs' motion to amend their complaint be denied as futile; and (2) Plaintiffs'

motion for partial summary judgment.  Plaintiffs have filed a timely objection to the

recommendation and are therefore entitled to de novo review on those issues they

specifically object to.  28 U.S.C. § 636(b); *Summers v. Utah*, 927 F.2d 1165, 1167

(10th Cir. 1991).  Having reviewed the pertinent portions of the record in this case, I

find that the recommendation should be accepted as discussed below, and Plaintiffs'

motion for partial summary judgment should be granted in part and denied in part.

<u>Background</u>

      This is a slip-and-fall premises liability case.  Plaintiff Geralding Muniz claims

that on August 26, 2004, at about 11:10 p.m., she got off a bus in the parking lot of

one of Defendant Kmart Corporation's (Kmart) retail stores.  As she was making her way across the parking lot, Mrs. Muniz alleges that she stepped on the edge of a pothole, twisted her ankle, and fell.  As a result, Mrs. Muniz brings this action seeking damages for her injuries, and her husband, Mr. Muniz, seeks damages for loss of consortium.

1.    Magistrate Judge Coan's Recommendation

Plaintiffs' motion to amend seeks to add a claim for exemplary damages. Judge Coan recommends that this motion be denied as futile because Plaintiffs' exemplary damages claim could not survive summary judgment.  *See Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").  Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid summary

2

judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

Plaintiffs raise two specific objections to Magistrate Judge Coan's recommendation. First, Plaintiffs argue that Judge Coan applied the wrong legal standard for exemplary damages. Second, they argue that Judge Coan erred in finding that their evidence was insufficient to support exemplary damages. I disagree with both contentions.

Colo. Rev. Stat. § 13-21-102(1)(a), provides the standard for exemplary damages in Colorado, requiring that "the injury complained of [be] attended by circumstances of fraud, malice, or willful and wanton conduct." Plaintiffs argue that Judge Coan erred by requiring them to demonstrate evil intent, when willful and wanton conduct would suffice. However, Plaintiffs misread the recommendation. Judge Coan recommends denial of Plaintiffs' motion to amend because their evidence is "insufficient as a matter of law to establish evidence of willful and wanton *or* evil conduct" (Recommendation, Docket No. 30, at 6.) (emphasis added) The use of the disjunctive "or" clearly indicates that a demonstration of willful and wanton conduct would have sufficed. Therefore, Plaintiffs' first objection will be overruled.

In addition, I agree with Judge Coan that Plaintiffs' evidence is insufficient to demonstrate willful and wanton conduct. § 102(1)(b) defines willful and wanton conduct as that which is "purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." This definition, at a minimum,

3

requires "conduct that creates a substantial risk of harm to another and is purposefully performed with an awareness of the risk in disregard of the consequences." *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo. 1984).[1]  Finally, Plaintiffs must prove willful and wanton conduct beyond a reasonable doubt.  *See* Colo. Rev. Stat. § 13-25-127(2).

In this case, Plaintiffs have produced evidence of the following.  First, that Kmart had contracted with a bus company to drop off passengers in the parking lot of this store, and knew that some of these drop-off's would occur late at night.  Second, Kmart knew that its parking lot was in need of repair and that customer accidents were possible, but it nonetheless delayed re-paving the parking lot in an effort to lower costs.  Third, the parking lot lights at this Kmart store were turned off at the time of the accident.  Fourth, the lights were routinely turned off at 11:00 pm.

Plaintiffs' evidence of this last fact, however, is a bit thin.  Plaintiffs rely entirely[2] upon a single notation that Kmart employee and claims investigator Sabrina Little

---

[1] In 1986, § 13-21-102 was amended to substitute the phrase "willful and wanton conduct" in the place of "or insult, or a *wanton and reckless* disregard of the injured party's rights and feelings." (emphasis added)  Although the *Palmer* definition specifically applies to the earlier "wanton and reckless" standard, courts have continued to use this definition as a guide to the minimum culpability required for exemplary damages.  *See e.g.*, *Archer v. Farmer Bros. Co.*, 70 P.3d 495, 500 (Colo. Ct. App. 2002).  Such an approach is logical since, if it indicates an intent to change the standard at all, a change from "wanton and reckless" to "willful and wanton" indicates a legislative intent to *raise* the standard.  In addition, this approach is appropriate in this case because *Palmer* provides a useful, easy to apply definition, and as discussed below, Plaintiffs' evidence is insufficient to meet even this minimum standard.

[2] Notably, Plaintiffs do not object to the procedure employed in this case, nor do they claim that they have further evidence that they would have produced if given another opportunity to do so.

(Little) made as she was taking notes of a telephone conversation with Victor Arellano (Arellano), a fellow Kmart employee who was the loss control manager at the store in question.  Little's notes indicate that she was speaking to Arellano on August 30, 2004, four days after Mrs. Muniz's alleged fall.  The specific notation that Plaintiffs rely upon says "lights turn off @ 11 P."  Although Plaintiffs do not develop this argument, they apparently believe that a rational jury could rely upon this single piece of evidence to conclude that the lights were routinely turned off at around 11:00 p.m., and that Kmart surely had knowledge of this fact.  By itself, however, this single notation is somewhat ambiguous.  Considering the context in which Little made this notation, it is possible that she meant that the lights *routinely* or *always* turned off at 11:00.  It is also possible that Little made this notation after Arellano told her that, *on the night in question*, the lights went out at 11:00.  Thus, while Plaintiffs' evidence might be sufficient for a jury to find that Kmart *probably* knew that the lights were routinely turned off at 11:00, it is insufficient to allow a rational jury to reach this conclusion beyond a reasonable doubt.  *See Liberty Lobby*, 477 U.S. at 254 ("[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden.").

This is not the end the matter, however, for the question remains whether Kmart could nonetheless be liable for exemplary damages even if it did not know that the lights would be turned off when bus passengers would be using its parking lot.  Even in such a situation, Plaintiffs have produced evidence that Kmart actually knew that its parking lot needed repair, and that a delay in repairs could lead to possible

5

accidents.  Thus, even if Kmart (perhaps erroneously) believed that the lights would

be on when passengers got off the busses, Plaintiffs' evidence is sufficient to

demonstrate an awareness of some degree of risk, and a conscious decision to

nonetheless delay repairs.  I find, however, that it is insufficient to demonstrate

disregard of a *substantial* risk.  *See Palmer*, 684 P.2d at 215.  Thus, while Plaintiffs'

evidence may be sufficient for a rational jury to find that Kmart was negligent, it is

insufficient to support an award of exemplary damages.  *See Tri-Aspen Constr. Co. v.*

*Johnson*, 714 P.2d 484, 488 (Colo. 1986) ("Conduct that is merely negligent, however,

cannot serve as the basis for exemplary damages."); *Burlingame v. Chicago Park*

*Dist.*, 689 N.E.2d 234, 236 (Ill. App. Ct. 1997) (holding that plaintiff who tripped and

fell because of crack in sidewalk could not demonstrate willful and wanton conduct

even though cracks in the same stretch of sidewalk had caused three other falls in the

previous six years); *see also* Colo. Jury Instructions: Civil § 9:30, Source & Authority

(4th ed. 2003) (identifying, as a basic concept running throughout Colorado exemplary

damages caselaw, a requirement that "'willful,' 'wanton,' or 'reckless' conduct . . . must

have created a higher-than-normal risk of harm."); *Orthopedic & Sports Injury Clinic, v.*

*Wang Labs., Inc.*, 922 F.2d 220, 224 n.3 (5th Cir. 1991) ("The terms 'willful', 'wanton',

and 'reckless' have been applied to that degree of fault which lies between intent to

do wrong, and the mere reasonable risk of harm involved in ordinary negligence.")

(quoting *Cates v. Beauregard Elec. Coop., Inc*, 316 So. 2d 907, 916 (La. Ct. App.

1975)).  As a result, I agree with Magistrate Judge Coan that Plaintiffs' exemplary

damages claim could not survive summary judgment, and the recommendation will

6

therefore be accepted.

2.    Plaintiffs' Motion for Partial Summary Judgment

The next issued before me is Plaintiffs' motion for partial summary judgment.

Plaintiffs argue that they are entitled to summary judgment as to all of Kmart's

defenses that are not contained in Colorado's premises liability statute, Colo. Rev.

Stat. § 13-21-115 — specifically estoppel, waiver, laches, comparative negligence,

and assumption of the risk.  In response, Kmart withdraws the first three defenses as

lacking evidentiary support, but disputes Plaintiffs' motion regarding comparative

negligence and assumption of the risk.

In support of their motion, Plaintiffs rely almost entirely upon *Vigil v. Franklin*,

103 P.3d 322 (Colo. 2004).  In *Vigil*, the Colorado Supreme Court found that by

passing the premises liability statute, the Colorado General Assembly intended "to

establish a comprehensive and exclusive specification of the duties landowners owe

to those injured on their property," *id.* at 323, and specifically held that landowners

could no longer rely upon the open and obvious danger defense.  *id.* at 332.

According to Plaintiffs, under *Vigil*, a defendant in a premises liability action can no

longer assert *any* defenses that are not found in the premises liability statute,

including comparative negligence and assumption of the risk.

Since *Vigil* was decided in 2004, trial courts have divided somewhat over the

issue that Plaintiffs now raise.[3]  Accordingly, Plaintiffs cite several Colorado district

court orders supporting their position, *see Gonzales v. Trout*, No. 04CV3095, slip op.

---

[3] At this time, it appears that no appellate court has addressed this issue.

7

(Colo. Dist. Ct. Nov. 10, 2005); *Weinberg v. LLN.V., LLC*, No. 04CV1724, slip op.
(Colo. Dist. Ct. Aug. 19, 2005); *Martin ex rel. Martin v. Union Pac. R.R. Co.*, No.
03CV710, slip op. (Colo. Dist. Ct. June 3, 2005); *Tribby v. Grizzard*, No. 2004CV763,
slip op. (Colo. Dist. Ct. Feb. 23, 2005); *Heil v. Elite Props. of Am., Inc.*, No. 04CV72,
slip op. (Colo. Dist. Ct. Jan. 19, 2005),[4] while Kmart relies upon orders from three
Magistrate Judges and one District Judge of this Court that have rejected Plaintiffs'
position, *see Danielson v. Wal-Mart Stores, Inc.*, No. 06-cv-00053-EWN-PAC, 2006
WL 1155881 (D. Colo May 1, 2006) (Nottingham, J., adopting recommendation of
Watanabe, Mag. J.); *Rankin v. Union Pac. R.R. Co.*, No. 04-cv-00372-OES-PAC,
2005 WL 2293660 (D. Colo. Sept. 15, 2005) (Schlatter, Mag. J.); *Cole v. United
States*, No. 04-cv-01318-PAC-MJW, 2005 WL 1606596 (D. Colo. July 8, 2005) (Coan,
Mag. J.).[5]

Having carefully considered each of these orders as well as the *Vigil* opinion
itself, I find that *Vigil* does not necessarily indicate whether Kmart may still assert the
defenses of comparative negligence and assumption of the risk.  In *Vigil*, 103 P.3d at
325, the Colorado Supreme Court carefully distinguished between the type of defense
it was addressing (the open and obvious danger defense), where defendants argue
they are not liable because they do not owe plaintiffs any duty, and other types of
defenses, such as "contributory negligence and comparative fault," which are
structurally independent and arise after a duty has been established.  *Id.*  As to the

---

[4] Copies of these orders are attached to Plaintiffs' motion (Docket No. 41).

[5] Copies of these orders are attached to Kmart's response (Docket No. 50).

continued viability of these other types of defenses, the *Vigil* court expressed no opinion.[6]

Applying this distinction to comparative negligence and assumption of the risk, it is clear that these defenses fall into the second category of defenses which were not the subject of the *Vigil* opinion.  As Magistrate Judge Coan explained in *Cole*, 2005 WL 1606596 at *2, "[c]omparative negligence . . . is not a defense to any duty element of a negligence claim — it is a creature of statute designed to apportion damages . . . among [the] parties."  The same is true in Colorado as to assumption of the risk.  *See* Colo. Rev. Stat. § 13-21-111.7 ("Assumption of a risk by a person shall be considered by the trier of fact in apportioning negligence pursuant to [the comparative negligence statute].").

That *Vigil* is not controlling, of course, does not necessarily mean that comparative negligence and assumption of the risk are viable defenses in this case.  However, since Plaintiffs' motion relies so heavily upon *Vigil*, this conclusion is dispositive.  Although it is tempting to make a definitive ruling as to whether the premises liability statute abrogates comparative negligence and assumption of the risk in this case, such an issue is a matter of statutory construction and neither party

---

[6] Further supporting this conclusion is the apparent care that Justice Rice took throughout the *Vigil* opinion to speak not in terms of defenses generally, but specifically of defenses *to landowner duties.  See e.g., Vigil*, 103 P.3d at 324 ("The issue in this case is whether common law defenses to landowner duties, such as the open and obvious danger doctrine, still exist, even after the passage of Colorado's comprehensive premises liability statute."); 327 (again framing issue as whether "common law defenses to landowner duties still exist."); & 331 (holding that "the General Assembly intended to establish an exclusive specification of the duties landowners owe to those injured on their property.").

9

has presented any significant argument in this regard.  The starting point for any question of statutory construction is the statute's text; the first question being whether it is clear and unambiguous on its face.  *Vigil*, 103 P.3d at 327.  Yet neither party has addressed the premises liability statute's text, nor have they developed an argument as to whether it is ambiguous.  Similarly, neither party has suggests how I should apply the customary methods of interpreting the statute if I find it to be ambiguous.  Therefore, at this point in this litigation, I merely find that Plaintiffs have failed to meet their initial burden under Fed. R. Civ. P. 56(c) of demonstrating entitlement to relief, and will deny their motion (except as to the issues that Kmart concedes).  Should the parties wish to address the proper construction of the premises liability statute, they may do so in a motion in limine prior to trial.

Accordingly, it is ordered:

1.     The recommendation issued by Magistrate Judge Coan on October 13, 2006 (Docket No. 30), is accepted as discussed above.

2.     Plaintiffs' motion to amend, filed September 6, 2006 (Docket No. 22), is denied.

3.     Plaintiffs' motion for partial summary judgment, filed November 15, 2006 (Docket No. 41), is granted as to the defenses of waiver, estoppel, and laches, and is otherwise denied.

DATED at Denver, Colorado, on July 2, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge